1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

| | |
|---|---|
| CHARLES NOLON BUSH, | CASE NO. C11-6060 RBL |
| Petitioner, | ORDER ON MOTION FOR REASSIGNMENT OF CASE WITH SUGGESTION TO RECUSE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court under Local General Rule 8(c).  Petitioner was convicted of securities fraud at a trial presided over by U.S. District Judge Ronald Leighton, who then sentenced Petitioner to a 30-year term of imprisonment.  *See* CR06-5504 RBL.  Petitioner's appeal of his conviction was denied. *See* U.S. v. Bush, No. 09-30131 (9th Cir., December 3, 2010).  The matter is now back before Judge Leighton on Petitioner's 2255 petition, and Petitioner has moved for Judge Leighton to recuse himself.   Judge Leighton declined to recuse himself voluntarily and the matter was referred to the Chief Judge.  Dkt. No. 4.  Plaintiff's request is therefore ripe for review by this Court.

1    The standards for recusal are well known.  Although a judge must recuse himself if a

2    reasonable person would believe that he is unable to be impartial (<u>Yagman v. Republic</u>

3    <u>Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993)), a litigant may not use the recusal process to

4    remove a judge based on adverse rulings in the pending or prior case:  the alleged bias must

5    result from an extrajudicial source (<u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986)).

6    Petitioner does allege an extrajudicial source in the form of allegations of a personal

7    relationship between Judge Leighton and the counsel appointed to represent Petitioner during his

8    criminal proceedings, Paula Olson.   The cognizable allegations are two-fold: first, that his

9    former counsel and Judge Leighton's wife work (or worked) at the same law firm; second, that

10   Judge Leighton had a social relationship with Ms. Olson.[1]  In declining to recuse himself, Judge

11   Leighton stated (1) that his wife and Ms. Olson were "of counsel" in the same law firm, and that

12   neither participated in the profits of the firm but only received a portion of the fees which they

13   brought in through their own work; and (2) that he and Ms. Olson were both members of the

14   Honorable Robert J. Bryan Inns of Court (which involved a monthly dinner meeting with 50 or

15   more attendees), but they never socialized.  Dkt. No. 4, p. 1.

16   The Court finds that Judge Leighton's impartiality cannot reasonably be questioned.

17   There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

18

19

20

21

---

22   [1] Petitioner attached two affidavits to his 2255 petition which contain allegations that Ms. Olson admitted
23   that a conflict of interest existed, that "she could have done much better if she were not bound by the circumstances
     of her employment," and that Judge Leighton persuaded her to withdraw an appeal of one of his rulings.  Dkt. No. 1,
     Attachments A and B.  These allegations are inadmissible hearsay and the Court did not consider them in evaluating
24   the merits of Petitioner's request.

ORDER ON MOTION FOR REASSIGNMENT OF
CASE WITH SUGGESTION TO RECUSE- 2

1   The clerk is ordered to provide copies of this order to all counsel.

2   Dated this 3rd day of February, 2012.

Marsha J. Pechman
Chief United States District Judge

ORDER ON MOTION FOR REASSIGNMENT OF
CASE WITH SUGGESTION TO RECUSE- 3